## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Evelia M. Naranjo, | Civil Action No.:_____ |
| Plaintiff, | **NOTICE OF REMOVAL; REMOVED FROM THE CIRCUIT COURT OF OAKLAND COUNTY, MICHIGAN** |
| v. | |
| BELFOR USA Group, Inc., et al., | Oakland County Circuit Court No.: 2022-193417-CB |
| Defendants. | |

**TO:    THE UNITED STATES DISTRICT COURT**
        **FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant BELFOR USA Group, Inc. ("BELFOR" or "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action, currently pending in the Circuit Court of Oakland County, Michigan, to the United States District Court for the Eastern District of Michigan.  In support of its Notice of Removal, Defendant respectfully states as follows:

### BACKGROUND AND TIMELINESS

1.      On or about April 1, 2022, Plaintiff Evelia M. Naranjo commenced a civil action seeking money damages against Defendant and BELFOR-Northbrook[1], Dale Sailer, Matt Endre, Martin Endre, Shelden Yellen, Michael Yellen, Teresa Williams, Rusty Amarante, Loren Easton, Michael Fisch, David Musicant, Aaron Maeng, David Cripe, and Teresa Franze (collectively,

---

[1] Though Plaintiff has named BELFOR-Northbrook as a Defendant in this matter, no legal entity by that name exists.

"Defendants")[2], in the Circuit Court for the County of Oakland, State of Michigan, entitled *Evelia M. Naranjo v. Endre, Matt et al.*, Civil Action No. 2022-19347-CB (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.

2. On April 1, 2022, Defendant BELFOR USA Group, Inc. was served with a copy of the Summons and Complaint. BELFOR is not aware of any other defendant being served with the Complaint, and does not believe that any other defendant has been served, but all remaining Defendants, if served, would consent to removal. 28 U.S.C. § 1446(b)(2). Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of the date of service.

3. Plaintiff's Complaint alleges eight counts: (i) Count I - Defamation, Per Se; (ii) Count II - Hired Under False Pretenses, Misrepresentation, Inducement and Unjust Enrichment; (iii) Count III - Promissory Estoppel; (iv) Count IV - Unpaid Commissions under the Fair Labor Standards Act; (v) Count V - Taking of Trade Secrets; (vi) Count VI - Breach of Contract; (vii) Count VII - Retaliatory Discharge to Avoid Payment; and (vii) Count VIII - False Pretenses with Intent to Defraud. (Ex. A, Compl. ¶¶ 105-151.) Plaintiff alleges damages in the amount of $120,000,000 for each count, for a total of $960,000,000. (Ex. A, Compl. ¶ 156.)

## VENUE AND NOTICE TO STATE COURT

4. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Eastern District of Michigan, the district court of the United States for the district and division within which the State Court Action is pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly sent to Plaintiff and submitted for filing with the Clerk of the Circuit

---

[2] In the caption to her Complaint, Plaintiff identifies only Matt Endre, Dale Sailer, David Cripe, Michael Yellen, BELFOR-Northbrook, and BELFOR USA Group, Inc. as defendants. Defendant reserves all rights regarding whether persons not named in the caption of the Complaint are defendants in the State Court Action.

82174452v.2

Court of Oakland County, State of Michigan. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**.

6.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibits C and D**.

## FEDERAL QUESTION JURISDICTION

7.      The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1331, 1441, and 1446, in that it arises under federal law and Plaintiff's Complaint presents a federal question.

8.      Plaintiff's Complaint asserts claims for violation of provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 in Count IV of her Complaint (Ex. A, Compl. ¶ 89, 142), as well as violations of federal statutes 42 U.S.C. § 3617 [interference, coercion, or intimidation], 18 U.S.C. §1589 [Forced Labor], and 42 U.S.C. § 12203 [Prohibition against retaliation and coercion]. (Ex. A, Compl. ¶¶ 28, 89.).

9.      In Count VII of the Complaint, Plaintiff also alleges "Pursuant FLSA 1938 29 U.S.C. 201, et seq. § 215(a)(3) and § 216…Defendants unjustly enriched themselves with retaliatory discharge to avoid payment to the detriment of Plaintiff[.]" (Ex. A, Compl. ¶ 142.

10.     Plaintiff further alleges a "Common Nucleus of Facts for all Counts," contained in paragraphs 83 through 100 of Plaintiff's Complaint (Ex. A. Compl. ¶¶ 105, 118, 126, 131, 136, 141, 148). Within the "Common Nucleus of Facts for all Counts," Plaintiff "re-states and re-alleges paragraphs 1 through 152 of her Complaint" (Ex. A. Compl. ¶ 85.)

11.     Plaintiff therefore alleges that all facts set forth in her Complaint form the common basis for her claims under both state and federal law. Plaintiff further states that

"Defendants exhibited various unethical, fraudulent, unlawful and possibly also criminal actions against Plaintiff for the purpose of unjust enrichment of BELFOR and its shareholders and employees to the detriment of Plaintiff, including but not limited to… retaliatory discharge to avoid payment (common law; MCL 408.483; FLSA)…coercion (MCL 750.462a; 42 U.S. Code 3617), intimidation (42 U.S. Code 3617)…forced labor (MCL 750.462a; 18 U.S. Code 1589; 42 U.S. Code 3617; 42 U.S. Code 12203)[.]"  (Ex. A, Compl. ¶ 89.)

12.     While Defendant disputes the allegations in Plaintiff's Complaint, they form a sufficient basis for removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In addition, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

## CONCLUSION

13.     Defendant submits this Notice of Removal solely for the purpose of removing the State Court Action to this Court.  Defendant specifically reserves, and does not waive, any and all objections as to service, personal jurisdiction, venue, defenses, exceptions, rights, and motions.

WHEREFORE, Defendant submits that this action is properly removable based on federal question jurisdiction and respectfully request that the above-referenced action pending against it be removed to the United States District Court for the Eastern District of Michigan.

82174452v.2

DATED: April 29, 2022                    Respectfully submitted,


                                         SEYFARTH SHAW LLP


                                         By:    /s/ Gregory Tsonis
                                         Gregory Tsonis
                                         *gtsonis@seyfarth.com*
                                         Gerald L. Maatman, Jr.*
                                         *gmaatman@seyfarth.com*
                                         SEYFARTH SHAW LLP
                                         233 S. Wacker Drive, Suite 8000
                                         Chicago, IL 60606-6448
                                         Telephone: (312) 460-5000
                                         Facsimile: (312) 460-7000
                                         *Motion For Admission Pro Hac Vice Pending*


                                         *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I caused the foregoing Notice of Removal, and the exhibits attached thereto, to be filed with the Court's CM/ECF electronic filing system and served via mail upon the *pro se* Plaintiff:

Evelia M. Naranjo, *Pro Se*
3405 S. Union Ave., Apt #1F
Chicago, Illinois 60616
(312) 622-8787
eveliasan@fuller.edu


*/s/ Gregory Tsonis*
Gregory Tsonis