**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

EVELIA M. NARANJO,

       Plaintiff,

v.                                                  Case No. 22-cv-10924

BELFOR USA GROUP, INC., et al.

       Defendants.
_____/

**ORDER TERMINATING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION
TO REMAND**

      On April 1, 2022, Plaintiff Evelia M. Naranjo filed suit in Michigan state court, asserting eight claims related to her termination from employment with Defendant Belfor USA Group, Inc. (ECF No. 1-1, PageID.8–60.) On April 29, 2022, Defendant Belfor USA filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, asserting that Plaintiff's Complaint presents a federal question. (ECF No. 1, PageID.3.) In response, on May 31, 2022, Plaintiff filed a "Motion to Remand This Case to the Circuit Court of Oakland County, Michigan," wherein she contested federal question jurisdiction and alternatively sought transfer of the case to the Northern District of Illinois on convenience grounds. (ECF No. 5.) She also sought permission to amend her Complaint. (Id.) On June 14, 2022, Defendant Belfor USA filed a response. (ECF No. 6.) On June 27, 2022, Plaintiff filed a reply. (ECF No. 7.)

      In her reply brief, Plaintiff abandons her remand and venue transfer arguments, while still seeking permission from the court to amend her complaint. (ECF No. 7, PageID.116.) Plaintiff further urges the court to exercise supplemental jurisdiction over

her state law claims. (Id.) Given her concessions on the remand and venue transfer issues, the court need not substantively address Plaintiff's motion or Defendant Belfor USA's response. However, for clarity's sake, the court will note that Plaintiff's jurisdictional challenge is without merit. While her claims somewhat unclearly interweave state and federal law, Plaintiff nonetheless makes out a distinct federal law claim in Count VII of her Complaint, "Retaliatory Discharge to Avoid Payment," pursuant to sections 215 and 216 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Thus, jurisdiction is proper with this court.

Turning to Plaintiff's request to amend her Complaint, the court will permit the amendment because Plaintiff was able to freely amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A) at the time the request was made in her May 31, 2022 motion. (*See* ECF Nos. 5, 7.) As evinced in the attachments to her motion, Plaintiff still had not formally served Defendant Belfor USA with her pleadings as of June 8, 2022. (ECF No.7-1, PageID.122.) Further, at this juncture, waivers of service have been returned executed as to four of the six Defendants in this case, including Defendant Belfor USA on July 29, 2022. (*See* ECF Nos. 14, 20–22.) Plaintiff must file an amended complaint within fourteen days. Given the court's ruling with respect to an amended complaint, the court will refrain from addressing the issue of supplemental jurisdiction at this juncture. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand This Case to the Circuit Court of Oakland County, Michigan is TERMINATED AS MOOT IN PART with respect to the remand and venue transfer requests.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand This Case to the Circuit Court of Oakland County, Michigan is GRANTED IN PART to the extent that Plaintiff shall be permitted to amend her complaint within fourteen (14) days of this order.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-10924.NARANJO.OrderTerminatingMotionToRemandAsMoot.EKL.docx